(115 App. Div. 292)

## HORN v. HORN et al.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

1. DISMISSAL AND NONSUIT—VOLUNTARY DISCONTINUANCE—VACATING APPOINTMENT OF RECEIVER.

In a suit for partition, a receiver to collect the rents of the property in controversy was appointed. He had been appointed receiver of the rents in a prior action. The partition suit was settled by the parties. *Held*, that the court, on a motion for a discontinuance, could only vacate the order appointing the receiver in that action, and leave the parties to an application in the action in which the receiver was first appointed for an accounting for the rents received.

2. ATTORNEY AND CLIENT—LIEN—COSTS OF ACTION.

Code Civ. Proc. § 66, gives to an attorney appearing for a party a lien on his client's cause of action and the proceeds thereof, which lien is not affected by any settlement between the parties. In a suit for partition, a defendant appeared by attorney who served no answer. It was not disputed that defendant had a right of dower in the property in controversy and the claim of plaintiff was that she was only entitled to dower. The parties settled the suit. *Held*, that the court, on granting a discontinuance pursuant to the settlement, could not impose a lien for the services of defendant's attorney on the property to which the action related except the interest of his client, but the attorney was entitled to the taxable costs of the action.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, §§ 407–417.]

Appeal from Special Term, New York County.

Action by Christian C. Horn against George P. Horn and others. From an order directing a discontinuance of the case on prescribed conditions, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Benno Loewy, for appellant.
Henry P. Lippold, in pro. per.
Charles A. Riegelman, for receiver.

INGRAHAM, J. This action was brought for the partition of real property. The complaint was served on the defendant Amelia Essner, who appeared by an attorney. A receiver was appointed to collect the rents and profits of the property in controversy. Before the defendant Amelia Essner had answered, the parties settled the action whereupon the plaintiff made a motion on notice to the receiver and the attorney for the defendant Amelia Essner, to discontinue the action, without costs, in accordance with the terms of the agreement entered into by the parties interested in the property and that possession of the property be turned over by the receiver to the plaintiff. That motion coming on to be heard the attorney for Amelia Essner appeared and insisted that he should be paid the compensation to which he was entitled for the services he had rendered to the defendant, and the receiver appeared and asked that his fees should be provided for. The court thereupon made an order, discontinuing the action, without costs, upon the condition that the attorney for the defendant Amelia Essner be paid $750, or such sum as should be determined that was the value

of his services by a reference, and that the receiver turn over the property on payment of his legal fees and disbursements. This order also contains a provision that:

"Pending the hearing and final determination of the proceedings upon such reference, if had, the said attorney shall have a lien for such services, upon the respective causes of action, forming the subject-matter of this action, and of the said action of 'Essner v. Essner' and upon the agreement of settlement made herein, between the plaintiff and the said defendants, bearing date June 28, 1906."

The plaintiff appeals from so much of the order as imposes these conditions for the discontinuance of the action.

The receiver was appointed receiver of the rents of the property, and, to enable him to collect such rents, he was entitled to its possession. Presumably he has in his possession the rents that he has collected, and the question as to what he was to do with these rents was not before the court. The amount of his compensation can be fixed in a proper proceeding when he accounts for the rents that he has collected. As he was entitled to the possession of the property only to enable him to collect the rents when the action was discontinued, and he was no longer entitled to collect the rents, his right to the possession of the property terminated. It appeared, however, that he had been appointed receiver of these rents and profits in another action which so far as appears, had not been discontinued. On this application all that the court can do is to vacate the order appointing him receiver in this action, leaving the parties to an application in the action in which he was first appointed receiver for an accounting for the rents that he had received, and for the delivery of the possession of the property to the parties entitled to it. In relation to the claim of the attorney for Amelia Essner, who had appeared, but had served no answer, it is difficult to see upon what he could have had a lien for the services that he had rendered to his client. It was never disputed but that his client had a right of dower in the property, and the plaintiff's claim was that she was only entitled to such an interest. No answer was served, and no counterclaim interposed, and there was nothing, therefore, to which a lien could attach under section 66 of the Code of Civil Procedure. The court was not justified in imposing a lien upon the property to which the action related, or to any interest or right that any of the parties had therein, except his client; and if his client had merely a right of dower, that right has terminated by her death. So far as I can see, all that this attorney was entitled to in this action was the costs of the action to be taxed. He was entitled to these costs, as the parties including his client could not settle the action so as to affect his right to receive the costs to which he was entitled upon the discontinuance of the action.

I think the order appealed from should be reversed, with $10 costs and disbursements to be paid by the attorney personally, and an order granted discontinuing the action upon payment to the attorney who appeared for Amelia Essner, his costs and disbursements to be taxed, and vacating the order appointing the receiver of the rents and profits. All concur.